543 S.E.2d 672

**James R. COLLINS, Plaintiff Below, Appellant,**

v.

**Susan A. COLLINS (now Davis), Defendant Below, Appellee.**

No. 27717.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2000.

Decided Dec. 13, 2000.

116

James R. Collins, Hurricane, West Virginia, Pro Se.

James M. Casey, Point Pleasant, West Virginia, for the Appellee.

DAVIS, Justice:

■ The appellant herein and plaintiff below, James R. Collins [hereinafter referred to as "Mr. Collins"], appeals from orders entered by the Circuit Court of Putnam County on June 4, 1999, and August 25, 1999. In the first order, the circuit court awarded the appellee herein and defendant below, Susan A. Collins (now Davis) [hereinafter referred to as "Ms. Davis"], a decretal judgment[1] against Mr. Collins in the amount of $25,482.74, with interest, for past due child support payments from March 1, 1987, to August 31, 1988.[2] In the second order, entered August 25, 1999, the court denied Mr. Collins' motion to set aside its order of June 4, 1999, and affirmed that ruling. The court also found, though, that Mr. Collins had demonstrated good cause for extending the appeal period based upon a breakdown in communications with his counsel.

On appeal to this Court, Mr. Collins raises numerous assignments of error, including (1) the circuit court erred by holding him responsible for child support which accrued after he had petitioned the court for a modification of his child support obligation and (2) the ten-year statute of limitations contained in W. Va.Code § 38-3-18 (1923) (Repl.Vol. 1997) barred the circuit court from enforcing Ms. Davis' March 19, 1987, judgment against Mr. Collins for past due child support. Upon a review of the parties' arguments, the record submitted for appellate review, and the pertinent authorities, we find that the circuit court did not commit reversible error in awarding the above-referenced decretal judgment. Specifically, the circuit court did not abuse its discretion by charging Mr. Collins with child support arrearages for the period in question because Rule 19 of the West Virginia Rules of Practice and Procedure for Family Law did not become effective until several years after these support payments had accrued. In addition, the statute of limitations set forth in W. Va.Code § 38-3-18 does not preclude the circuit court from enforcing Ms. Davis' 1987 judgment against Mr. Collins because she twice obtained writs of execution thereon, the last one being issued in 1993, which effectively continued the ten-year limitations period until the year 2003. Therefore, we affirm the June 4, 1999, and August 25, 1999, orders of the Circuit Court of Putnam County.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant proceeding are generally not disputed by the parties. Mr. Collins and Ms. Davis were married on October 30, 1970, and two children were born[3] of the marriage. On October 31, 1978,

---

1. The circuit court's characterization of this judgment as a "decretal judgment" is consistent with this Court's prior decision in Syllabus point 5 of *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543 (1993): " '[m]atured installments provided for in a decree, which orders the payment of monthly sums for alimony or child support, stand as "decretal judgments" against the party charged with the payments.' Syl. pt. 1, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987)."

2. This decretal judgment incorporates the unpaid portion of an earlier judgment awarded to Ms. Davis against Mr. Collins for past due child support. The circuit court entered the earlier judgment, in the amount of $8,919.75, on March 19, 1987. Additionally, while the support payments at issue in the court's June 4, 1999, order were for the period from March 1, 1987, to August 31, 1988, the accrued interest thereon was calculated from March 1, 1987, to January 31, 1999.

3. The children's birth dates are not apparent from the record.

the parties were divorced, with custody of the parties' children being awarded to Ms. Davis. The divorce decree also ordered Mr. Collins to pay child support to Ms. Davis of $220 per month, *i.e.*, $110 per child per month.

During the ensuing years, Mr. Collins neglected to satisfy his child support obligation. As a result of Mr. Collins' support payment arrears, Ms. Davis sought and obtained a judgment against him, on March 19, 1987, in the amount of $8,919.75 for past due child support. On May 23, 1989,[4] and again on September 9, 1993,[5] Ms. Davis obtained writs of execution in pursuance of her efforts to collect on her March 19, 1987, judgment against Mr. Collins.[6]

In the meantime, Mr. Collins, on June 24, 1987, petitioned the circuit court for modification of his child support obligation claiming his financial circumstances had changed. By order entered October 5, 1988, the circuit court reduced Mr. Collins' child support obligation to $0 while he was unemployed and participated in a work training program sponsored by the West Virginia Department of Human Services. The court further ruled that Mr. Collins' prior support obligation would resume upon his employment or departure from the training program. Thereafter, based on information provided to the court by Ms. Davis, the circuit court reinstated Mr. Collins' child support obligation. In its January 23, 1992, order, the circuit court directed Mr. Collins to pay child support in the amount of one-third of his monthly net income, up to $110 per month.[7]

Given Mr. Collins' continued arrearages, Ms. Davis sought and obtained a decretal judgment against Mr. Collins on June 4, 1999. In this order, the circuit court found

> 1. From March 1, 1987 to August 31, 1988, the Plaintiff, **James R. Collins**, had the ability to pay Two Hundred

Twenty and 00/100 ($220.00) per month for the support of the children.

> 2. Current child support obligation of the Plaintiff, **James R. Collins**, ceased on August 31, 1988.

> 3. The Defendant, **Susan A. Collins (now Davis)**, was previously granted a judgment against the Plaintiff, **James R. Collins**, of Eight Thousand Nine Hundred Nineteen and 75/100 ($8,919.75) by Order entered March [19], 1987. . . .

Having so found, the circuit court then awarded Ms. Davis "a decretal judgment against the Plaintiff, **James R. Collins**, in the amount of Twenty–Five Thousand Four Hundred Eighty–Two and 74/100 ($25,482.74), which includes interest of Seventeen Thousand Four Hundred Eighteen and 29/100 ($17,418.29), from March 1, 1987 to January 31, 1999."

Following this ruling, Mr. Collins filed, on July 26, 1999, a motion to set aside the court's June 4, 1999, order claiming that his attorney had failed to advise him of its entry. In its August 25, 1999, order, the circuit court denied the requested relief and upheld its prior order. Nevertheless, the court determined that,

> [b]ased upon the lack of communication by Petitioner's [Mr. Collins'] counsel with Petitioner regarding [sic] Order of June 4, 1999, the Court finds "good cause" to permit Petitioner thirty (30) days from the date of this hearing to file notice of appeal, if desired, to the West Virginia Supreme Court of Appeals.

Mr. Collins then appealed to this Court.

## II.

## STANDARD OF REVIEW

When reviewing a decision of a circuit court, we typically employ a multifaceted standard of review:

---

4. The writ of execution issued on May 23, 1989, was in the amount of $13,095.12.

5. The September 9, 1993, writ of execution was for $16,847.71, "plus 10% interest."

6. Likewise, the Putnam County Child Advocate Office has issued numerous notices to Mr. Collins' employers, during the relevant time period,

requesting said employers to initiate wage withholding for his child support arrearages.

7. Prior to this ruling, the circuit court, on September 18, 1990, reduced Mr. Collins' support obligation from $220 per month to $110 per month, presumably as a result of the emancipation of one of the parties' children. *See supra* note 3.

[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997). *See also* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving the interpretation of a statute, we apply a *de novo* standard of review."). In addition, and of particular relevance to the instant appeal, we customarily accord deference to circuit court rulings involving a determination of child support.

"Questions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syllabus, *Nichols*

*v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

Syl. pt. 2, *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785 (1987). With these standards in mind, we turn now to the errors assigned by Mr. Collins.

### III.

### DISCUSSION

On appeal to this Court, Mr. Collins raises numerous assignments of error, including (1) the circuit court erred by holding him responsible for child support that accrued after he had filed a petition to modify his support obligation and (2) the statute of limitations provided by W. Va.Code § 38–3–18 (1923) (Repl.Vol.1997) barred the circuit court from enforcing Ms. Davis' March 19, 1987, judgment against Mr. Collins for child support arrearages.[8]

### A. Effect of Modification Petition on Current Child Support Obligation

Mr. Collins first complains that the circuit court erroneously calculated the period of time for which he was required to pay child support. In its June 4, 1999, order, the

---

8. Mr. Collins also assigns two additional errors, which we find to be without merit. He first complains that the circuit court misstated its prior ruling when it instructed the Bureau of Child Support Enforcement [hereinafter referred to as "the BCSE"] as to how to calculate Mr. Collins' child support arrearages. In this regard, Mr. Collins asserts that in reiterating its January 23, 1992, order, which established a support obligation of one-third of Mr. Collins' monthly net income not to exceed $110 per month, the court actually instructed the BCSE to calculate his arrearages for this period at the fixed rate of $110 per month. Regardless of this characterization by the circuit court, we cannot locate any evidence in the record to indicate that Mr. Collins' income during the relevant time was such that his support obligation would have been less than $110 per month. Therefore, we decline further consideration of this argument.

The second assignment of error asserted by Mr. Collins which we find to be without merit concerns his claim that his fractured relationship with his counsel deprived him of his due process rights. Having reviewed the lower court proceedings, we note the observance of the usual procedural rules which pertain to dealings with parties who are represented by counsel. *See, e.g.,* W. Va. R. Civ. P. 5(b) ("Whenever under these rules

service is required or permitted to be made upon a party represented by an attorney, the service *shall be made upon the attorney* unless service upon the party is ordered by the court...." (emphasis added)); W. Va. Rules of Practice and Procedure for Family Law, Rule 21(c) ("The notice of recommended order and a copy of the recommended order shall be served on all parties who have appeared *or on their attorneys of record.*" (emphasis added)). *See also Brewster v. Hines*, 155 W.Va. 302, 314, 185 S.E.2d 513, 521 (1971) ("Knowledge of, or notice to, the attorney for a litigant or party to a legal proceeding, of matters arising in the course of the litigation or proceeding, is ordinarily imputable to such litigant or party...." (internal quotations and citation omitted) (emphasis omitted)). We do not find any shortcomings in the process that was afforded to Mr. Collins, and, in fact, it seems that the circuit court actually erred on the side of caution by extending the applicable appeal period once Mr. Collins had informed the Court of his circumstances. Therefore, we suggest that rather than pursuing these complaints in the instant appellate proceeding, other remedies are available to Mr. Collins which would serve as a more appropriate forum in which to address his complaints regarding his legal representation in this matter.

circuit court determined that Mr. Collins failed to satisfy his support obligation from March 1, 1987, to August 31, 1988, a period of approximately eighteen months. Mr. Collins argues, however, that because he petitioned the circuit court for a modification of his support obligation on June 24, 1987, and because the court subsequently reduced his obligation pursuant to this request,[9] he is responsible for child support payments only from March 1, 1987, to June 24, 1987, a period of roughly four months. In support of his arguments, Mr. Collins relies upon Rule 19 of the West Virginia Rules of Practice and Procedure for Family Law which provides: "[a] family law master or circuit court granting relief in the form of alimony or child support shall, except for good cause shown, make such award of alimony or child support retroactive to the date of service of the motion for relief upon the opposing party." Since he served his modification petition on June 24, 1987, then, Mr. Collins contends that the court's subsequent reduction of his child support obligation should be retroactive to that date.

While Mr. Collins' basic interpretation of Rule 19 is fairly accurate, we do not agree that it affords him the result which he desires. When applying a principle of law to a particular set of facts, we ordinarily apply the law that was in effect at the time of the relevant events.[10] *See generally* 1B Michie's Jurisprudence *Appeal and Error* § 237, at 436 (1995) ("[O]nce [an] appeal or writ of error is granted, it must be disposed of in accordance with the law as it existed at the time of the rendition of the judgment complained of."). Examining the history of the West Virginia Rules of Practice and Procedure for Family Law, we observe that this Court did not adopt these rules until 1993, nearly six years after the facts at issue herein. *See* W. Va. Rules of Practice and Procedure for Family Law, Rule 3. The rule that is specifically asserted, Rule 19, did not become effective until the year after that, 1994, or approximately seven years after Mr. Collins filed his modification petition. *See* W. Va. Rules of Practice and Procedure for Family Law, Rule 19.[11] To permissibly apply this rule to Mr. Collins' case, then, we must find that its provisions were intended to be accorded retroactive effect.

In determining whether to extend full retroactivity, the following factors are to be considered: First, the nature of the substantive issue overruled must be determined. If the issue involves a traditionally settled area of law, such as contracts or property as distinguished from torts, and the new rule was not clearly foreshadowed, then retroactivity is less justified. Second, where the overruled decision deals with procedural law rather than substantive, retroactivity ordinarily will be more readily accorded. Third, common law decisions, when overruled, may result in the overruling decision being given retroactive effect, since the substantive issue usually has a narrower impact and is likely to involve fewer parties. Fourth, where, on the other hand, substantial public issues are involved, arising from statutory or constitutional interpretations that represent a clear departure from prior precedent, prospective application will ordinarily be favored. Fifth, the more radically the new decision departs from previous substantive law, the greater the need for limiting retroactivity. Finally, this Court will also look to the precedent of other courts which have determined the retroactive/prospec-

---

9. *See supra* Section I discussing the circuit court's reduction of Mr. Collins' child support obligation by order entered October 5, 1988, based upon his unemployment and enrollment in a work training program.

10. The primary exception to this rule occurs when a rule of law applies retroactively. *See* Syl. pt. 5, *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979) (establishing criteria for determining retroactivity).

11. Rule 19 was incorporated in the first version of the West Virginia Rules of Practice and Procedure for Family Law that became effective in 1993, but the language of this prior rule differs substantially from that quoted above. *Compare* W. Va. Rules of Practice and Procedure for Family Law, Rule 19 (1993) (pertaining specifically to "*temporary* relief in the form of alimony or child support" (emphasis added)) *with* W. Va. Rules of Practice and Procedure for Family Law, Rule 19 (1994) (making no distinction between temporary and permanent relief).

tive question in the same area of the law in their overruling decisions.

Syl. pt. 5, *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979). *Cf.* Syl. pt. 3, *Sizemore v. State Workmen's Compensation Comm'r,* 159 W.Va. 100, 219 S.E.2d 912 (1975) ("A law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage can it be considered to be retroactive in application.").

We find no basis, though, for retroactively applying Rule 19 to alleviate Mr. Collins' support obligation for the time period in question. Rule 3 of the West Virginia Rules of Practice and Procedure for Family Law provides that "[t]he rules shall take effect on the 1st day of October, 1993. They shall govern all proceedings, petitions, or motions brought *after such date and all proceedings then pending.*" (Emphasis added). Neither of the criteria permitting application of the rules applies to the facts of this case. First, the instant proceeding was not brought after October 1, 1993, so as to be governed by the West Virginia Rules of Practice and Procedure for Family Law. Ms. Davis obtained her judgment against Mr. Collins for child support arrearages on March 19, 1987. That judgment order, combined with the court's subsequent orders variously reducing and reinstating Mr. Collins' child support obligation, all were entered long before the effective date of these rules and established Ms. Davis' right to receive such payments from Mr. Collins.

Second, it cannot be said that the present proceeding was "then pending" so as to relieve Mr. Collins of his support obligation. *See* W. Va. Rules of Practice and Procedure for Family Law, Rule 3. Mr. Collins' repeated failure to satisfy his monetary debt to his children is the only reason this case is being litigated today. To say that a case is

still pending so as to retroactively reduce the amount of child support a noncustodial parent is obligated to pay under circumstances such as these surely was not intended when the rules were adopted. *See, e.g.,* W. Va. Rules of Practice and Procedure for Family Law, Rule 1 ("These rules ... shall be construed to expedite and simplify the determination of [family law] proceedings."). Such an argument is even less persuasive when it is evident that the involved individual has continuously neglected to satisfy his child support obligation for a period of over thirteen years, and the record does not demonstrate that such nonpayment resulted from financial hardship.

█ Furthermore, the adoption of Rule 19 effectively altered the rights of children and their custodial parents to receive child support payments from noncustodial parents. *See, e.g.,* Syl. pt. 2, in part, *Robinson v. McKinney,* 189 W.Va. 459, 432 S.E.2d 543 (1993) (recognizing parent's duty to support child and child's right to receive such support). Generally, the retroactive application of a law affecting substantive rights is disfavored. *See* Syl. pt. 5, *Bradley,* 163 W.Va. 332, 256 S.E.2d 879. Consistent with these principles, then, it is apparent that Rule 19 may not be applied retroactively to alter the rights of the parties' children to receive support from their father. Therefore, we hold that the provisions of Rule 19 of the West Virginia Rules of Practice and Procedure for Family Law do not apply to a petition to modify child support when the petition was filed before the rule's effective date, but efforts to collect support payments accruing during the petition's pendency continue after such date because the noncustodial parent has failed to satisfy his/her support obligation for reasons other than financial hardship.[12] Accordingly, we conclude that Rule 19 of the West Virginia Rules of Practice and Procedure for Family Law does not apply retroactively to alter Mr. Collins' child support obligation.[13]

---

**12.** At this juncture, we wish to clarify that this holding is not intended to continue a support obligation beyond its original terms, *e.g.,* as where a support obligation is scheduled to terminate upon the subject child's emancipation.

**13.** The present case is distinguishable from our prior decision in *Wood v. Wood,* 190 W.Va. 445, 438 S.E.2d 788 (1993), wherein we allowed the retroactive modification of child support because the circuit court had not followed the child sup-

■ In the absence of a governing rule or statute, we ordinarily defer to a circuit court's decision regarding child support matters. *See* Syl. pt. 2, *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785. The circuit court determined, in the proceedings underlying this appeal, that Mr. Collins was financially able to satisfy his support obligation from March 1, 1987, to August 31, 1988, and held him in arrears for the amount he failed to pay during this time. We do not find that the circuit court abused its discretion in this regard as it complied with the applicable statutory law. W. Va.Code § 48A–5–2(a) (1998) (Repl.Vol.1999) directs, in relevant part, that "[a] child support order shall not be retroactively modified so as to cancel or alter *accrued installments of support.*" (Emphasis added).[14] Likewise, we have held that

"[t]he authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments." Syl. pt. 2, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987).

Syl. pt. 1, *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543. In the absence of such extraordinary circumstances, " '[a] circuit court lacks the power to alter or cancel accrued installments for child support.' Syl. pt. 2, *Horton v. Horton*, 164 W.Va. 358, 264 S.E.2d 160 (1980) [ (per curiam) ]." Syl. pt. 4, *Robinson*, 189 W.Va. 459, 432 S.E.2d 543. Having reviewed the record in this case, we do not find the existence of any of these exemplary factors. Thus, given its inability to relieve Mr. Collins of his child support obligation where the payments required thereby were not only due and owing but substantially in arrears, the circuit court properly charged Mr. Collins with the support arrearages for the period from March 1, 1987, to August 31, 1988.

### B. Application of W. Va.Code § 38–3–18 to Judgments for Child Support Arrearages

■ Mr. Collins next contends that the circuit court erred by enforcing Ms. Davis' March 19, 1987, judgment against him for past-due child support because the ten-year statute of limitations contained in W. Va. Code § 38–3–18 (1923) (Repl.Vol.1997) precludes such a ruling. Ms. Davis responds that such enforcement is indeed permissible because she has twice sought writs of execution for this judgment within the applicable limitations period.

■ The applicability of a statute of limitations, rather than the doctrine of laches, to cases involving past due child support payments has already been settled by this Court. "The ten-year statute of limitations set forth in *W. Va.Code*, 38–3–18 [1923] and not the doctrine of laches applies when enforcing a decretal judgment[15] which orders the payment of monthly sums for alimony or child support." Syllabus point 6, *Robinson v. McKinney*, 189 W.Va. 459, 432 S.E.2d 543 (footnote added). Therefore, the remaining question is whether the terms of W. Va.Code

---

port guidelines in calculating the initial award. *See* Syl. pt. 3, *id.* ("Where a court fails to properly apply the child support guidelines to a straightforward factual scenario without providing specific reasoning for such failure as required by *Gardner v. Gardner*, 184 W.Va. 260, 400 S.E.2d 268 (1990), the child support award shall be retroactive to the date the pleading seeking child support was initially filed. Such support becomes an entitlement and the right to receive the child support as properly calculated under the formula vests."). By contrast, in the instant proceeding, there is no contention that the child support ordered by the parties' original divorce decree was improper. Moreover, the *Wood* decision interpreted the former version of Rule 19 which applied only to cases involving "temporary relief". *See Wood*, 190 W.Va. at 453

n. 8, 438 S.E.2d at 796 n. 8. *See also* note 11, *supra*, discussing former version of Rule 19.

**14.** In 2000, the Legislature excised the quoted language from W. Va.Code § 48A–5–2(a) and enacted a new section containing similar wording. *See* W. Va.Code § 48A–5–2(a) (2000) (Supp. 2000); W. Va.Code § 48A–1A–33 (2000) (Supp. 2000) ("Except as provided in rule 19 of [sic] rules of practice and procedure for family law and as provided in subsection (c), section three [§ 48A–1–3(c) ], article one of this chapter, a child support order may not be retroactively modified so as to cancel or alter *accrued installments of support.*" (emphasis added)).

**15.** *See supra* note 1 discussing "decretal judgments" in child support matters.

§ 38–3–18 preclude the relief awarded by the circuit court.

■■■ W. Va.Code § 38–3–18 provides, in pertinent part,

> [o]n a judgment, execution may be issued within ten years after the date thereof. *Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer or which has been returned unsatisfied.* An action, suit or scire facias may be brought upon a judgment ... within ten years from the return day of the last execution issued thereon on which there is no return by an officer or which has been returned unsatisfied....

(Emphasis added). We have previously interpreted this provision as meaning, and today so hold, that "[b]y the specific terms of Code, 38–3–18, the issuance of an execution operates to preserve the judgment, and the statute of limitations commences to run from the return date of the execution." *Korczyk v. Solonka,* 130 W.Va. 211, 219, 42 S.E.2d 814, 819 (1947). *Accord* Syl. pt. 2, *McEndree v. Morgan,* 31 W.Va. 521, 8 S.E. 285 (1888).

Applying this law to the facts of the instant case, we are of the opinion that the circuit court did not err in enforcing Ms. Davis' March 19, 1987, judgment against Mr. Collins. As evidenced by the record, Ms. Davis twice obtained writs of execution for this judgment. The first writ was issued on May 23, 1989, well within the ten-year statute of limitations which had attached to the March 19, 1987, judgment. As a result of this first execution, the terms of W. Va.Code § 38–3–18 effectively re-started the ten-year statute of limitations beginning on the unsatisfied execution's return date. The Sheriff of Putnam County returned this execution on June 2, 1989, prior to the execution's return date of August 22, 1989. Therefore, Ms. Davis was permitted to file additional writs of execution thereon so long as such writs were issued within ten years of August 22, 1989. She did, in fact, obtain a second writ on September 9, 1993, which was also within the applicable ten-year statutory period. This writ, too, was returned unsatisfied, on September 14, 1993, prior to its December 8, 1993, return date. Thus, pursuant to the language of § 38–3–18, Ms. Davis may continue her efforts to collect child support arrearages from Mr. Collins, either by obtaining yet another writ of execution or by instituting a civil action, until December 8, 2003. Hence, we find no error in the circuit court's decision enforcing Ms. Davis' March 19, 1987, judgment.

## IV.

## CONCLUSION

In conclusion, we find that the circuit court committed no reversible error by enforcing Mr. Collins' child support obligation for the period from March 1, 1987, to August 31, 1988, rather than retroactively applying the provisions of Rule 19 of the West Virginia Rules of Practice and Procedure for Family Law. Moreover, we conclude that the statute of limitations contained in W. Va.Code § 38–3–18 (1923) (Repl.Vol.1997) does not bar the circuit court's enforcement of Ms. Davis' March 19, 1987, judgment against Mr. Collins for past due child support. Accordingly, we affirm the decisions of the Circuit Court of Putnam County rendered on June 4, 1999, and August 25, 1999.

Affirmed.