# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

September 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-1152** (Fayette County 14-M-1)

**Tara L. Harris,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Tara L. Harris, by counsel Brandon Steele, appeals the October 10, 2014, order of the Circuit Court of Fayette County which found her guilty of the misdemeanor offenses of neglect of a minor and intimidating or harassing a public official for which she received a sentence of one year in the penitentiary for each offense, to be served consecutively. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 6, 2013, Deputy Rachel Stephens of the Fayette County Sheriff's Department was dispatched to Terry Avenue in Oak Hill, West Virginia to investigate a report of a small child wandering in the street. Upon her arrival, Deputy Stephens made contact with the child, C.G., who is the child of petitioner.[1] C.G. was approximately eighteen months old, and wore no shoes, but appeared unharmed. Deputy Stephens then came into contact with petitioner, who stated she had been looking for her child for about a half-hour, but had not called the police. Deputy Stephens then put petitioner under arrest for child neglect creating risk of injury, in violation of West Virginia Code § 61-8D-4. An abuse and neglect action was also instituted against petitioner pursuant to Chapter 49 of the West Virginia Code.[2]

---

[1] Consistent with our practice in cases involving sensitive matters, we use initials to protect the identity of the children in this case. *See* W.Va. R.A.P. 40(e)(1); *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and
(continued . . .)

1

On August 2, 2013, petitioner entered into a pre-trial diversion agreement with the State, whereby she agreed to a twelve-month continuance of her criminal case. During that twelve month period petitioner agreed to several conditions including that she would have no further violations of state, federal or local law. In exchange, the State agreed to dismiss all charges at the end of the twelve months if petitioner complied with all of the terms and conditions during that time.

On April 23, 2014, Judge Hatcher, who was presiding over the abuse and neglect action, recused himself from all cases involving petitioner, after petitioner was charged with the offense of intimidating or harassing a public official for allegedly making threats toward him and other individuals involved in her abuse and neglect action. Petitioner's counsel also moved to withdraw due to the allegations, and her current appellate counsel was appointed. The State of West Virginia subsequently revoked petitioner's pre-trial diversion agreement and presented the case to the grand jury. The State asserts that the pre-trial diversion agreement was revoked based upon the allegation of petitioner's threatening statements.[3] Petitioner was indicted on or about May 14, 2014, and subsequently arraigned before Judge Blake for the offense of felony child neglect on May 27, 2014.

On June 3, 2014, a preliminary hearing was held on petitioner's retaliation against a public official charge, in which a magistrate found probable cause, and bound the matter over to the Fayette County Grand Jury. On June 11, 2014, petitioner filed "Defendant's Motion to Compel the State to Abide by the Pre-trial Diversion Agreement of July 31, 2013." Petitioner argued that the State violated her due process rights by revoking the pre-trial diversion agreement without a hearing. The circuit court denied petitioner's motion in a hearing on July 18, 2014.

On July 21, 2014, petitioner entered into a plea agreement with the State with terms that she would plead guilty to the misdemeanor offense of contributing to the neglect of a minor in violation of West Virginia Code § 49-7-7, and the misdemeanor offense of intimidation or harassment of a public official, in violation of West Virginia Code § 61-5-27. Upon acceptance, the State would dismiss the felony charges. Petitioner would plead to the offense of intimidation

---

recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3] According to the criminal complaint, petitioner reportedly stated:

If Hatcher thinks he is going to terminate my rights as a parent he's got another thing coming. I'm just going to go on a shooting spree and kill everyone involved. If my rights ain't (sic) terminated I'm going to sue, sue, sue the pants off the department, Hatcher, and the [S]tate and I will never have to work again.

2

or harassment of a public official under our decision in *Kennedy v. Frazier*[4] discussed below.

According to the transcript of the original plea hearing, the circuit court was reluctant to accept the plea agreement, and continued the matter in order to review the pre-sentence report and make a determination as to the appropriateness of the plea. On July 31, 2014, petitioner returned for the plea hearing, and petitioner pled guilty to the misdemeanor offense of intimidating or harassing a public official.

On October 6, 2014, a sentencing hearing was held. The circuit court began the hearing by taking judicial notice of the pending abuse and neglect actions, and then sentenced petitioner to serve one year in jail and pay a five hundred dollar fine for each misdemeanor offense; with each jail term to be served consecutively. Petitioner appeals the July 18, 2014, order which denied her motion to compel the State to honor the pre-trial diversion agreement, and the October 10, 2014, sentencing order which sentenced petitioner to two consecutive sentences of one year in jail for her convictions of misdemeanor contributing to the negligence of a minor and misdemeanor intimidation or harassment of a public official.

Central to petitioner's claims is an assertion that the circuit court abused its discretion in refusing to set aside the revocation of her pre-trial diversion, and in considering evidence from her abuse and neglect action during the pendency of her criminal case in contravention to West Virginia Code §§ 49-6-4 and 57-2-3.

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 2, *Walker v. W.Va. Ethics, Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997); Syl. Pt. 1, *Collins v. Collins*, 209 W.Va. 115, 543 S.E.2d 672 (2000). We recognize that the discretion of a trial court has limits: "We grant trial court judges wide latitude in conducting the business of their courts. However, this authority does not go unchecked, and a judge may not abuse the discretion granted him or her under our law[.]" *Lipscomb v. Tucker County Comm'n*, 206 W.Va. 627, 630, 527 S.E.2d 171,174 (1999).

Further, "[t]he Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1. *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Also, "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *Sulick*, 232 W.Va. 717, 496 S.E.2d 875.

---

[4] *See Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

It is well-established law in our State that a criminal defendant has the right to petition for an appeal of her conviction. However, petitioner waived her right to object to these defects when she entered her plea of guilty. In syllabus point one of *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978), we held that: "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Petitioner does not assert any assignments of error regarding the voluntariness of her plea, nor the legality of her sentence. While neither party addressed this particular argument in their submissions to this Court, we are bound by our prior jurisprudence that "[a]n appeal ordinarily does not lie in a criminal case from a judgment of conviction rendered upon a plea of guilty." *Id.*, 162 W.Va. at 215, 248 S.E.2d at 837.

Petitioner entered into a plea of guilty to the misdemeanor offense of contributing to the neglect of a minor, and a separate plea to the misdemeanor offense of intimidation of a public official pursuant to *Kennedy* in which we held, "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." *Id.*, 178 W.Va. at 12, 357 S.E.2d at 45. The record reflects that petitioner was advised that the entry of her plea waived her right to appeal on several grounds, and still expressed her desire to go forward with her plea. Petitioner also clearly benefitted from the plea bargain, as she was charged with multiple felonies and entered pleas of guilty to two misdemeanor offenses in exchange for the dismissal of her felony indictment. Under the circumstances, this Court is unable to find that petitioner did not voluntarily enter her plea.

Further, petitioner's sentences for the offenses for which she is convicted are permissible under the applicable statutes. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). West Virginia Code § 61-5-27(d), allows one convicted of the misdemeanor offense of intimidation of a public official to be confined in jail for not more than one year, or fined not more than one thousand dollars, or both. West Virginia Code § 49-7-7 likewise allows for one convicted of the misdemeanor offense of contributing to the neglect of a child to be confined in jail for not more than one year, or fined not less than $50.00 nor more than $500.00, or both. Petitioner's imposed sentence of one year in jail for each offense to run consecutively falls within the statute and are therefore permissible.

Likewise, the circuit court clearly articulated on the record the reasons for the sentence imposed, including petitioner's prior criminal record, an ongoing history of abuse of controlled substances, and failure to enroll in substance abuse treatment. Consequently, we find that the circuit court did not abuse its discretion in sentencing the petitioner to one year in jail and a $500.00 fine for each offense.[5]

---

[5] Petitioner alleges that the trial court erred in permitting the State to unilaterally revoke the defendant's pre-trial diversion agreement without a hearing; in permitting the introduction of urinalysis drug screenings collected in an abuse and neglect proceeding; in taking judicial notice of abuse and neglect cases 13-JA-45 and 13-JA-46 during the sentencing hearing in 14-M-1, as well as taking into consideration medical reports prepared in the abuse and neglect cases; and in (continued . . .)

4

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

informing the defendant that her plea was being accepted conditionally and then not giving her a subsequent opportunity to withdraw her plea prior to sentencing. As petitioner has waived her right to appeal regarding these alleged pre-trial defects, we decline to specifically address petitioner's assignments of error at this time.

5