674 S.E.2d 9

**RAINES IMPORTS, INC., D/B/A Lester Raines Honda, a West Virginia Corporation, Plaintiff Below, Appellant,**

v.

**AMERICAN HONDA MOTOR COMPANY, INC., a California Corporation, Defendant Below, Appellee.**

No. 33803.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 2009.

Decided Jan. 30, 2009.

David Allen Barnette, Laurie K. Miller, Vivian H. Basdekis, Jackson Kelly PLLC, Charleston, for the Appellant.

Mychal Sommer Schulz, Dinsmore & Shohl LLP, Charleston, for the Appellee.

DAVIS, Justice:[1]

The appellant herein and plaintiff below, Raines Imports, Inc., doing business as Lester Raines Honda (hereinafter referred to as "Lester Raines Honda"), appeals from an order entered March 26, 2007, by the Circuit Court of Kanawha County. In that order, the circuit court granted summary judgment to the appellee herein and defendant below, American Honda Motor Company, Inc. (hereinafter referred to as "American Honda"), ruling that American Honda had not sent Lester Raines Honda statutory notice pursuant to W. Va.Code § 17A–6A–12(2) (2000) (Repl.Vol.2004) and that, accordingly, Lester Raines Honda did not have standing to bring the underlying declaratory judgment action against American Honda in accordance with W. Va.Code § 17A–6A–12(3) (2000) (Repl. Vol.2004). On appeal to this Court, Lester Raines Honda complains that the circuit court erred by (1) granting summary judgment to American Honda before Lester Raines Honda had had an opportunity to conduct discovery; (2) not finding that American Honda had violated W. Va.Code § 17A–6A–12(3); and (3) concluding that the distance comprising the "relevant market area" was fifteen air-miles rather than twenty air-miles. Upon a review of the parties' arguments, the record designated for appellate review, and the pertinent authorities, we affirm the decision of the circuit court.

I.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant proceeding are largely undisputed by the parties. Lester Raines Honda is an automotive dealership located in South Charleston, West Virginia, that sells new motor vehicles in the Honda line-make. American Honda is the United States distributor of motor vehicles manufactured by Honda. Pursuant to W. Va.Code § 17A–6A–12(2) (2000) (Repl.Vol. 2004),

> [b]efore a manufacturer or distributor enters into a dealer agreement establishing or relocating a new motor vehicle dealer within a relevant market area[2] where the same line-make is represented, the manufacturer or distributor shall give writ-

---

1. Pursuant to administrative orders entered September 11, 2008, and January 1, 2009, the Honorable Thomas E. McHugh, Senior Status Justice, was assigned to sit as a member of the Supreme Court of Appeals of West Virginia commencing September 12, 2008, and continuing until the Chief Justice determines that assistance is no longer necessary, in light of the illness of Justice Joseph P. Albright.

2. In W. Va.Code § 17A–6A–3 (2000) (Repl.Vol. 2004), "relevant market area" is defined as "the area located within a fifteen air-mile radius around an existing same line-make new motor vehicle dealership." Since the time of the events at issue herein, this statute has twice been amended by the Legislature. See W. Va.Code § 17A–6A–3 (2007) (Supp.2008); W. Va.Code § 17A–6A–3 (2006) (Supp.2006). However, because neither of the amendments were in effect at the time of the relevant events, we will apply the then-effective version of the statute, i.e., the 2000 version, in deciding this case. See, e.g., Collins v. Collins, 209 W.Va. 115, 121, 543 S.E.2d 672, 678 (2000) ("When applying a principle of law to a particular set of facts, we ordinarily apply the law that was in effect at the time of the relevant events." (footnote and citation omitted)); Public Citizen, Inc. v. First Nat'l Bank in Fairmont, 198 W.Va. 329, 334–35, 480 S.E.2d 538, 543–44 (1996) ("'[U]nless expressly stated otherwise by the statute, such a statute [that diminishes substantive rights or augments substantive liabilities] will not apply to pending cases or cases filed subsequently based upon facts completed before the statute's effective date.'" (citation omitted)). See note 9 and Section III, infra, for further treatment of W. Va. Code § 17A–6A–3.

ten notice to each new motor vehicle dealer of the same line-make in the relevant market area of its intention to establish an additional dealer or to relocate an existing dealer within that relevant market area.

(Footnote added).[3]

On May 24, 2006, American Honda sent a letter to Lester Raines Honda, the pertinent text of which provided:

As a courtesy, American Honda hereby advises you that another Honda franchise will be located in the "South Charleston" area.

Currently, no exact location or specific timeline has been established, but it is anticipated that the new dealership could be operational by December 2007.[4]

(Footnote added). The parties dispute, however, the intent of American Honda in sending this letter: Lester Raines Honda construes this letter as statutory notice in accordance with W. Va.Code § 17A–6A–12(2),[5] while American Honda claims that it sent this letter as a mere courtesy.[6]

In response to this correspondence, Mr. Lester Raines, on behalf of Lester Raines Honda, sent American Honda a letter dated July 19, 2006, stating

[p]lease be advised that Lester Raines Honda objects pursuant to W. Va.Code § 17A–6A–12(2) of your location of a Honda franchise within the "South Charleston" area. W. Va.Code § 17A–6A–3(14) defines a relevant market area as the area located within a 15–air mile radius around an existing same line new motor vehicle dealership.

W. Va.Code § 17A–6A–12(3) provides that a declaratory judgment action can be brought against American Honda Motor Company at which time you would be compelled to show that good cause exists for the establishment of a location of a "South Charleston" Honda dealership. Please be advised that I fully intend to file such declaratory judgment action absent a representation by you that you will not establish another Honda franchise in the "South Charleston" area.

Lester Raines Honda then filed the aforementioned statutory declaratory judgment action against American Honda in the Circuit Court of Kanawha County on July 20, 2006.

Thereafter, on July 27, 2006, American Honda, who had not yet received notice of the then-pending statutory declaratory judgment action,[7] sent a second letter to Lester

---

**3.** The Legislature also amended W. Va.Code § 17A–6A–12 following the events at issue herein. *See* W. Va.Code § 17A–6A–12 (2007) (Supp. 2008). However, these changes do not affect our decision of the instant appeal. For further discussion of the statutory amendments to W. Va. Code § 17A–6A–12, see note 5, *infra.*

**4.** On the same date, May 24, 2006, American Honda sent a letter to Moses Honda in Barboursville, West Virginia. The contents of the Moses Honda letter were virtually identical to the language of the letter American Honda sent to Lester Raines Honda. *See Moses Auto., Inc. v. American Honda Motor Co., Inc.,* 581 F.Supp.2d 763 (S.D.W.Va.2007).

**5.** Once this statutory notice has been received, the preexisting dealer may file a statutory declaratory judgment action to determine whether "good cause" exists for the opening of a new or relocation of an existing motor vehicle dealer of the same line-make within the relevant market area:

Within sixty days after receiving the notice provided for in subsection (2) above, or within sixty days after the end of any appeal procedure provided by the manufacturer or distributor, a new motor vehicle dealer of the same line-make within the affected relative market area may bring a declaratory judgment action in the circuit court for the county in which the new motor vehicle dealer is located to determine whether good cause exists for the establishing or relocating of a proposed new motor vehicle dealer. Once an action has been filed, the manufacturer or distributor may not establish or relocate the proposed new motor vehicle dealer until the circuit court has rendered a decision on the matter. An action brought pursuant to this section shall be given precedence over all other civil matters on the court's docket. The manufacturer has the burden of proving that good cause exists for establishing or relocating a proposed new motor vehicle dealer.

W. Va.Code § 17A–6A–12(3) (2000) (Repl.Vol. 2004). *See also* W. Va.Code § 17A–6A–12(3) (2007) (Supp.2008) (substituting "relevant" for "relative" in first sentence of subsection).

**6.** We will consider the parties' contentions in this regard in greater detail in Section III, *infra.*

**7.** American Honda states that it received notice of Lester Raines Honda's statutory declaratory judgment action on August 1, 2006.

Raines Honda. In this letter, American Honda attempted to explain its intent in sending its initial letter on May 24th:

I am writing in connection with your letter dated July 19, 2006, which references our letter to you dated May 24, 2006, in which American Honda advised you, as a courtesy, that another Honda franchise will be located in the "South Charleston area" at some point in the future but that, currently, no exact location or specific timeline has been established.

In your July 19, 2006 letter, you state that "Lester Raines objects pursuant to W. Va.Code § 17A–6A–12(2) of your location of a Honda franchise within the 'South Charleston' area." American Honda does not understand this purported "objection." Subsection (2) of § 17A–6A–12 does not provide for an "objection" by a dealer, but rather a notice by a franchisor. The only provision of § 17A–6A–12 that provides for any type of dealer objection is subsection (3), which permits a dealer to file a declaratory judgment action protesting a notice given by a franchisor under subsection (2).

American Honda has not given you notice pursuant to subsection (2), which provides that, "Before a manufacturer or distributor enters into a dealer agreement establishing . . . a new motor vehicle dealer within a relevant market area where the same line-make is represented, the manufacturer or distributor shall give written notice to each new motor vehicle dealer of the same line-make in the relevant market area of its intention to establish an additional dealer . . . within that relevant market area." As your letter acknowledges, a "relevant market area" is defined by the statute as "the area located within a fifteen air-mile radius around an existing same line-make new motor vehicle dealership."

W. Va.Code § 17A–6A–3(14). As stated in our letter dated May 24, 2006, American Honda has not decided on any specific location for a new dealership in the South Charleston area. Accordingly, at this time it is impossible to determine whether any dealership established in the future might be within your relevant market area and thus whether your dealership would have any right to protest under § 17A–6A–12(3).

At this time, American Honda does not anticipate that the prospective new dealership in the South Charleston area will be within your relevant market area. If, however, American Honda decides to establish a new dealership within your relevant market area, you will receive notice pursuant to § 17A–6A–12(2).

Subsequently, on August 21, 2006, American Honda filed a "Notice of Removal" to remove Lester Raines Honda's statutory declaratory judgment action to the United States District Court for the Southern District of West Virginia seeking to invoke that court's diversity jurisdiction.[8] While the case was pending in the federal district court, Lester Raines Honda moved to remand the case back to the Circuit Court of Kanawha County. American Honda moved to dismiss Lester Raines Honda's complaint, on September 20, 2006, because such action was untimely insofar as American Honda had not given Lester Raines Honda the requisite statutory notice and had not identified an exact location for the new dealership upon which to determine whether the new dealership would be situated within Lester Raines Honda's relevant market area. Also while the case was pending in federal court, Lester Raines Honda attempted to obtain discovery from American Honda; in response to this discovery request, American Honda moved

---

8. American Honda sought to remove Lester Raines Honda's statutory declaratory judgment action, filed in state circuit court, to federal district court pursuant to 28 U.S.C. § 1441(a) (2002), which provides, in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

In this regard, American Honda asserted that the federal district court had original jurisdiction over the case based upon its diversity jurisdiction, which is explained, in relevant part, as follows: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1) (2005).

for a protective order. By order entered December 12, 2006, the federal district court remanded the case back to the circuit court because the amount in controversy did not satisfy the requirements for diversity jurisdiction.

Once the case had been returned to the circuit court, Lester Raines Honda requested discovery from American Honda on December 13, 2006; on January 16, 2007, American Honda responded by filing a motion for a protective order. Then, on January 26, 2007, American Honda sent Lester Raines Honda a letter indicating that it had finalized the location of the new dealership and that it would be situated in Hurricane, West Virginia, 16.3 miles away from the location of Lester Raines Honda's dealership in South Charleston. In pertinent part, American Honda explained that it "has now chosen a dealer candidate and a location for the new dealership—*i.e.*, on I–64 in Hurricane, West Virginia next to Hurricane Chevrolet (the 'Site')" and that it was enclosing a copy of a survey it had obtained which "(i) shows the precise parcel of land on which the dealership will be located and (ii) certifies that the distance between Lester Raines Honda and the Site is 16.3 miles." American Honda then concluded that "[t]he Site is thus not within Raines's 15–mile radius 'relevant market area' ('RMA') under W. Va.Code § 17A–6A–3(14).... Therefore, Raines has no standing to seek a declaratory judgment under W. Va.Code § 17A–6A–12(3) with respect to the Site." American Honda sent additional, enlarged copies of the survey plat to Lester Raines Honda on January 31, 2007.

On March 5, 2007, American Honda filed an "Amended and Supplemental Motion for Summary Judgment and/or Dismissal." In this motion, American Honda argued that because the location for its new dealership was not within Lester Raines Honda's fifteen air-mile relevant market area, Lester Raines Honda was not entitled to relief. Lester Raines Honda responded to American Honda's motion on March 12, 2007, moved to compel discovery, and included an affidavit contending that, due to American Honda's refusal to respond to its requests for discovery, it had not had an opportunity to conduct discovery and that, accordingly, an award of summary judgment before discovery had been conducted would be premature. Following a hearing on the matter, the circuit court, by order entered March 26, 2007, granted American Honda's motion for summary judgment. In so ruling, the circuit court found that "Defendant [American Honda] has recently decided on the location for the new dealership. The site for the new dealership is located more than 15 air-miles from the location of the Plaintiff's [Lester Raines Honda's] existing dealership." The circuit court then concluded, in part, that

[s]tanding is defined as [a] party's right to make a legal claim to seek judicial enforcement of a duty or right. *Findley v. State Farm Mutual Automobile Insurance Company,* 213 W.Va. 80, 576 S.E.2d 807 (200[2]).

Defendant's letter of May 24, 2006, to Plaintiff did not constitute notice pursuant to West Virginia Code Section 17A–6A–12(2).

Because Defendant's letter of May 24, 2006 to Plaintiff did not constitute notice pursuant to West Virginia Code Section 17A–6A–12(2), Plaintiff does not have standing to bring its claim against Defendant.

Additionally, the circuit court ruled that "there is no genuine issue of fact to be tried in this matter." From this order, Lester Raines Honda appeals to this Court.[9]

**9.** Following entry of the circuit court's order, Governor Joe Manchin, III, on April 4, 2007, signed SB 601, which, among other changes, amended W. Va.Code § 17A–6A–3 to change the definition of "relevant market area" from a radius of fifteen air-miles to a radius of twenty air-miles and to provide a grandfather clause applicable to transactions in progress at the time of the amendments. *See* W. Va.Code § 17A–6A–3(14) (2007) (Supp.2008) ("'Relevant market area' means the area located within a twenty air-mile radius around an existing same line-make new motor vehicle dealership: Provided, That a fifteen mile relevant market area as it existed prior to the effective date of this statute shall apply to any proposed new motor vehicle dealership as to which a manufacturer or distributor and the proposed new motor vehicle dealer have executed on or before the effective date of this statute a written agreement, including a letter of intent, performance agreement or commitment letter, concerning the establishment of the pro-

## II.

### STANDARD OF REVIEW

██ On appeal to this Court, Lester Raines Honda challenges the correctness of the circuit court's order awarding summary judgment to American Honda. We previously have held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Our review of a circuit court's order awarding summary judgment is plenary: "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

██ Also at issue in this case is the circuit court's interpretation and application of the provisions of W. Va.Code § 17A–6A–12 and W. Va.Code § 17A–6A–3. We similarly conduct a plenary review of decisions rendered by a circuit court that involve matters of statutory interpretation: "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995).

Mindful of these standards, we proceed to consider the parties' arguments.

## III.

### DISCUSSION

██ Before this Court, Lester Raines Honda assigns three errors to the circuit court's order granting summary judgment to American Honda: inability to conduct discovery, violation of W. Va.Code § 17A–6A–12(3), and application of the wrong definition of "relevant market area." Having thoroughly reviewed the circuit court's order, however, we conclude that this appeal may be resolved on the grounds relied upon by the circuit court in rendering its ruling: whether the May 24, 2006, letter from American Honda to Lester Raines Honda constitutes statutory notice pursuant to W. Va.Code § 17A–6A–12(2). We find that it does not and, accordingly, affirm the circuit court's decision.

██ Our analysis begins with a review of the applicable statutory law and, necessarily, the rules of statutory construction. When interpreting a statute, we look first to the intent of the Legislature in enacting the provision under scrutiny. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). We next consider the exact wording of the subject statute. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord DeVane v. Kennedy*, 205

---

posed new motor vehicle dealership."). These changes became effective upon passage of the bill on March 10, 2007.

Also after the circuit court had entered summary judgment in this case, Moses Honda filed a statutory declaratory judgment action against American Honda on May 3, 2007, in the Circuit Court of Cabell County. *See* W. Va.Code § 17A–6A–12(3). Moses Honda also had received a letter similar to the May 24, 2006, letter American Honda had sent to Lester Raines Honda, *see supra* note 4, and had, at that time, construed such letter as statutory notice in accordance with W. Va.Code § 17A–6A–12(2), which construction American Honda refuted. In its May 3, 2007, declaratory judgment action, Moses Honda complained that American Honda had not provided it with statutory notice of the establishment of a new dealership in Hurricane, which dealership

was referenced in American Honda's January 26, 2007, letter to Lester Raines Honda, and which dealership Moses Honda claimed would be located within its relevant market area. American Honda removed the action to the United States District Court for the Southern District of West Virginia, and the court issued a decision therein dismissing Moses Honda's complaint and awarding summary judgment to American Honda. *See Moses Auto., Inc. v. American Honda Motor Co., Inc.*, 581 F.Supp.2d 763 (S.D.W.Va.2007). In the course of such litigation, additional facts were elicited that shed light on the events referenced in the case *sub judice*. However, because those facts were not before the circuit court at the time of its summary judgment ruling, we will not consider those facts in rendering our decision herein.

W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) ("Where the language of a statutory provision is plain, its terms should be applied as written and not construed." (citations omitted)); Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). Where, however, the language of a statute is not plain, it must be construed before it can be applied. "A statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W.Va. 693, 414 S.E.2d 454 (1992). *Accord* Syl. pt. 1, *Ohio County Comm'n v. Manchin*, 171 W.Va. 552, 301 S.E.2d 183 (1983) ("Judicial interpretation of a statute is warranted only if the statute is ambiguous and the initial step in such interpretative inquiry is to ascertain the legislative intent.").

■ Turning now to the statutory language at issue herein, W. Va.Code § 17A–6A–12(2) (2000) (Repl.Vol.2004) requires:

> [b]efore a manufacturer or distributor enters into a dealer agreement establishing or relocating a new motor vehicle dealer within a relevant market area where the same line-make is represented, the manufacturer or distributor shall give written notice to each new motor vehicle dealer of the same line-make in the relevant market area of its intention to establish an additional dealer or to relocate an existing dealer within that relevant market area.

The intent of this provision and the language embodying such intent is plain: a manufacturer or distributor must give statutory notice to a preexisting dealer before establishing or relocating a new motor vehicle dealer of the same line-make within the preexisting dealer's relevant market area. Accordingly, we hold that the plain language of W. Va. Code § 17A–6A–12(2) (2000) (Repl.Vol.2004) requires statutory notice before a manufacturer or distributor enters into a dealer agreement to establish an additional new dealer or relocate an existing motor vehicle dealer of the same line-make within a preexisting dealer's "relevant market area," as that term is defined by W. Va.Code § 17A–6A–3 (2000) (Repl.Vol.2004). "Relevant market area" is defined by W. Va.Code § 17A–6A–3 (2000) (Repl.Vol.2004) as "the area located within a fifteen air-mile radius around an existing same line-make new motor vehicle dealership." [10]

■ Pursuant to the above-quoted language describing the notice required by W. Va.Code § 17A–6A–12(2), it also is clear that such statutory notice is necessary only if the new or relocated dealer will be located within the preexisting dealer's "relevant market area." We therefore additionally hold that a manufacturer or distributor is required to give statutory notice pursuant to W. Va.Code § 17A–6A–12(2) (2000) (Repl. Vol.2004) only if the new or relocated dealer will be within the preexisting dealer's relevant market area. Implicit in this requirement is that the statutory notice will contain information regarding the location of the new or relocated dealer within the preexisting dealer's relevant market area. Thus, we further hold that statutory notice given pursuant to W. Va.Code § 17A–6A–12(2) (2000) (Repl.Vol.2004) must contain information regarding the location of the new or relocated dealer to show that the new or relocated dealer will be situated within the preexisting dealer's relevant market area.[11]

**10.** It should be noted that the statutory definition of "relevant market area" now encompasses a radius of "twenty air-mile[s]." *See* W. Va.Code § 17A–6A–3(14) (2007) (Supp.2008). For further discussion of these statutory amendments, see note 9, *supra*.

**11.** This holding is consistent with the language contained in other states' legislative enactments which specifically require statutory notices to contain location information. *See, e.g.,* Colo.Rev. Stat. Ann. § 12–6–120.3(1)(a) (West 2006) (requiring statutory notice to include "[t]he specific location at which the additional, reopened, or relocated motor vehicle dealer will be established"); 63 Pa. Cons.Stat. Ann. § 818.27(a)(2)(i) (West 2000) (requiring statutory notice to include "[t]he location of the proposed additional or relocating new vehicle dealer"); Wash. Rev.Code Ann. § 46.96.140(3)(a) (West 1994) (requiring statutory notice to include "[t]he specific location at which the additional or relocated motor vehicle dealer will be established").

Applying these holdings to the facts of this case, it is apparent that the May 24, 2006, letter that American Honda sent to Lester Raines Honda does not constitute statutory notice in accordance with the requirements of W. Va.Code § 17A–6A–12(2). In full, the text of the May 24, 2006, letter states:

> As a courtesy, American Honda hereby advises you that another Honda franchise will be located in the "South Charleston" area.
>
> Currently, no exact location or specific timeline has been established, but it is anticipated that the new dealership could be operational by December 2007.
>
> If you have any questions, please feel free to contact me at [phone number].

From the contents of this letter, it is impossible to ascertain where, exactly, it is anticipated that the new dealer will be located because no information is provided with respect to the new dealer's precise location. And, in fact, American Honda explains in this correspondence that it has not yet determined an "exact location" for such new dealer. Because no location information is provided, it is not apparent whether the new dealer will be situated within Lester Raines Honda's relevant market area of fifteen air-miles or outside of this perimeter. When a new dealer will not be located within a preexisting dealer's relevant market area, statutory notice is not required. Insofar as this letter does not indicate that the new dealer will be within the relevant market area of Lester Raines Honda and the letter does not contain information from which such a determination could be made, we find that American Honda's letter of May 24, 2006, does not fulfill the requirements of W. Va.Code § 17A–6A–12(2) and, thus, that it does not constitute statutory notice under that section.

Absent such statutory notice, Lester Raines Honda did not have standing to bring a statutory declaratory judgment action pursuant to W. Va.Code § 17A–6A–12(3). *See* W. Va.Code § 17A–6A–12(3) ("Within sixty days after receiving the notice provided for in subsection (2) above, or within sixty days after the end of any appeal procedure provided by the manufacturer or distributor, a new motor vehicle dealer of the same line-make within the affected relative market area may bring a declaratory judgment action in the circuit court for the county in which the new motor vehicle dealer is located to determine whether good cause exists for the establishing or relocating of a proposed new motor vehicle dealer...."). *See also Ashley Creek Phosphate Co. v. Norton,* 420 F.3d 934, 939 (9th Cir.2005) (discussing "prudential standing analysis [which] examines whether 'a particular plaintiff has been granted a right to sue by the statute under which he or she brings suit'" (quoting *City of Sausalito v. O'Neill,* 386 F.3d 1186, 1199 (9th Cir.2004))). Therefore, the circuit court correctly found that American Honda had not provided statutory notice to Lester Raines Honda and that, consequently, Lester Raines Honda did not have standing to file the underlying statutory declaratory judgment action. Accordingly, we affirm the ruling of the circuit court granting American Honda's motion for summary judgment.[12]

## IV.

### CONCLUSION

For the foregoing reasons, the March 26, 2007, order of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

Chief Justice BENJAMIN disqualified.

Judge WILKES sitting by temporary assignment.

Justice ALBRIGHT not participating.

Senior Status Justice McHUGH sitting by temporary assignment.

---

**12.** Having determined that Lester Raines Honda did not have standing to bring the instant statutory declaratory judgment proceeding, we need not consider the remaining errors assigned by Lester Raines Honda, all of which pertain to the litigation of such action.