IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

October 1, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

MOORE CHRYSLER, INC.,
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-431**          (Cir. Ct. of Logan Cnty. Case No. 22-C-50)

THORNHILL MOTOR CAR, INC.,
**d/b/a THORNHILL CHRYSLER DODGE
JEEP RAM,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Moore Chrysler, Inc., ("Moore") appeals the August 30, 2023, order of the Circuit Court of Logan County which granted Thornhill Motor Car, Inc., d/b/a Thornhill Chrysler Dodge Jeep Ram's ("Thornhill") motion for summary judgment in this claim brought pursuant to West Virginia Code §§ 17A-6A-1 to -18 (2015). Thornhill filed a timely response.[1] Moore filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is affirmed, in part, and reversed, in part.

On February 18, 2021, Moore filed its Verified Complaint, Petition for Declaratory Judgment, and Motion for Injunctive Relief against Thornhill in Mingo County Circuit Court. Moore's Complaint alleged that, under West Virginia Code §§ 17A-6A-1 to -18, it was a "new motor vehicle dealer" with its "established place of business" in Williamson, West Virginia, selling new Fiat Chrysler automobiles, including vehicles marketed under the Chrysler, Dodge, Jeep, and Ram brands.

---

[1] Petitioner is represented by Charles R. Bailey, Esq., John P. Fuller, Esq., and Kristen V. Hammond, Esq. Respondent is represented by Johnnie E. Brown, Esq., and Donovan M. Powell, Esq.

In 2018, Fiat Chrysler requested Moore waive its rights under West Virginia Code § 17A-6A-12 and agree that Fiat Chrysler could allow another new Chrysler, Dodge, Jeep, and Ram dealership to be placed nearby at the Fountain Place Mall in Logan, West Virginia. The location would be within Moore's "relevant market area," as defined by West Virginia Code § 17A-6A-3(15). Moore refused to waive its rights and allow another dealership within its "relevant market area." After Moore's refusal, Fiat Chrysler informed Moore that Thornhill would be given a new dealership in Logan, but outside the "relevant market area" as defined in the statute. Thereafter, Thornhill began operating a new Chrysler, Dodge, Jeep, and Ram dealership from a service garage on Dingess Street in Logan, West Virginia, and a new sales office from a temporary location in a mobile home on Stratton Street in Logan. Thornhill eventually relocated the mobile home sales office to the Fountain Place Mall in Logan, where it sold new vehicles on a gravel lot within Moore's relevant market area.

Moore alleged that Fiat Chrysler was statutorily obligated to provide notice to Moore before it allowed Thornhill to relocate the Stratton Street sales office to the Fountain Place Mall per West Virginia Code § 17A-6A-12(2), but Fiat Chrysler failed to do so. Moore also claimed that Thornhill attempted to use the temporary Dingess Street and Stratton Street locations as a ruse to relocate to the Fountain Place Mall and deprive Moore of its statutorily protected "relevant market area."

Moore's complaint alleged that Thornhill was improperly engaging in the operation of a new Chrysler, Dodge, Jeep, and Ram dealership within Moore's relevant market area and in violation of West Virginia law, and asserted causes of action for constructive fraud and tortious interference. The complaint sought injunctive and declaratory relief, and monetary and punitive damages.

On March 16, 2021, Thornhill filed a motion to dismiss for improper venue under West Virginia Rule of Civil Procedure 12(b)(3) which was denied by order entered June 29, 2021. On July 14, 2021, Thornhill filed a motion to refer the case to the Business Court Division and the court stayed discovery pending resolution of the motion. On November 3, 2021, Thornhill filed a Petition for a Writ of Prohibition challenging the June 29, 2021, denial of the motion to dismiss. On November 18, 2021, the circuit court stayed all proceedings pending resolution of the writ of prohibition.

On April 26, 2022, the Supreme Court of Appeals of West Virginia ("SCAWV") granted Thornhill's writ of prohibition on the basis of improper venue under Rule 12(b)(3) of the West Virginia Rules of Civil Procedure. *See Thornhill Motor Car, Inc. v. Thompson*, 246 W. Va. 581, 874 S.E.2d 693 (2022). SCAWV found that "because venue for Moore's action is proper in Logan County under the general venue statute, § 56-1-1, [rather than specific venue based on the location of the dealership under the Dealership Act] we grant Thornhill's request for relief in prohibition and direct the Circuit Court of Mingo County

2

to transfer venue of the action to Logan County." *Id*. at 588, 874 S.E.2d at 700. On May 26, 2022, the Mandate issued.

The underlying civil action was transferred from Mingo to Logan County Circuit Court by Order Transferring Venue entered September 15, 2022, and such transfer was retroactively applied to May 4, 2022. Approximately a week after the Mandate was issued, on June 3, 2022, Thornhill filed its motion for summary judgment. Moore filed its response on August 24, 2022, and a hearing was held on August 30, 2022. The parties submitted proposed orders with findings of fact and conclusions of law on September 16, 2022.

On October 21, 2022, and February 1, 2023, Moore's counsel submitted letters to the court requesting entry of an order on Thornhill's pending motion for summary judgment. On June 28, 2023, at the request of Moore's counsel, the circuit court convened a status conference and advised the parties from the bench that an order on the pending motion for summary judgment would be entered by July 10, 2023, but no order followed. On August 11, 2023, Moore filed a Petition for a Writ of Mandamus seeking to compel the circuit court to render a decision on the pending motion for summary judgment. On August 30, 2023, the court entered an order finding no genuine issue of fact to be tried and granting Thornhill's motion for summary judgment. SCAWV then entered an order refusing the petition for the writ as moot. Moore now appeals the order granting summary judgment.

Our standard of review for a grant of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). We apply the same standard as the circuit court, in that, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 1, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995) (citations and quotations omitted).

On appeal, Moore raises five assignments of error alleging that the circuit court erred in granting summary judgment because (1) genuine issues of material fact remained in dispute and the court incorrectly applied the pertinent legal standard; (2) summary judgment was premature; (3) it failed to consider and rule on Moore's independent tort claim of constructive fraud; (4) it failed to consider and rule on Moore's independent tort claim of tortious interference; and (5) it misconstrued and incorrectly interpreted West Virginia Code §§ 17A-6A-1, et seq. Underpinning all these arguments is the assertion that the circuit court used faulty reasoning in ruling that the complaint against Thornhill could not be brought pursuant to West Virginia Code §§ 17A-6A-1, et seq.

First, we review the applicable statutory law, including the Legislature's finding that it is:

necessary to regulate motor vehicle dealers, manufacturers, distributors and representatives of vehicle manufacturers and distributors doing business in this state in order to avoid undue control of the independent new motor vehicle dealer by the vehicle manufacturer or distributor and to ensure that dealers fulfill their obligations under their franchises and provide adequate and sufficient service to consumers generally, and to protect and preserve the investments and properties of the citizens and motor vehicle dealers of this state.

W. Va. Code § 17A-6A-1. Furthermore, West Virginia Code § 17A-6A-2 provides:

In accord with the settled public policy of this state to protect the rights of its citizens, each franchise or agreement between a manufacturer or distributor and a dealer or dealership which is located in West Virginia, or is to be performed in substantial part in West Virginia, shall be construed and governed by the laws of the state of West Virginia, regardless of the state in which it was made or executed and of any provision in the franchise or agreement to the contrary. The provisions of this article apply only to any franchises and agreements entered into, continued, modified or renewed subsequent to the effective date of this article.

Pursuant to the definitions outlined in section three of this article, both Thornhill and Moore qualify as "new motor vehicle dealer[s]" and are not "manufacturer[s]" or "distributor[s]" as those terms are defined. *See* W. Va. Code § 17A-6A-3. Moreover, there are no franchise agreements or other agreements between Moore and Thornhill before us here.

Finally, we note that West Virginia Code §17A-6A-16 provides for actions at law and damages for violations of this statutory scheme, in pertinent part, as follows:

(1)     If a manufacturer or distributor terminates, cancels, fails to renew or discontinues a dealer agreement for other than good cause as defined in this article, or commits any other violation of this article, the new motor vehicle dealer adversely affected by the actions may bring an action for damages and equitable relief against the manufacturer or distributor. . .
(2)     A manufacturer or distributor who violates this article is liable for all damages sustained by a new motor vehicle dealer as a result of the violation.

We find no language anywhere in the statute that contemplates a mechanism for relief for controversies between two dealers. Our Supreme Court of Appeals has also weighed in on the purpose of the statute, commenting that its indemnity provision in section sixteen "is part of a comprehensive statute intended to regulate the relationship and conduct of business between motor vehicle dealers on the one hand, and automobile manufacturers and distributors on the other." *City Nat. Bank of Charleston v. Wells*, 181 W. Va. 763, 775,

384 S.E.2d 374, 386 (1989) (citing W. Va. Code § 17A-6A-1, et seq.); *see also Thornhill Motor Car, Inc. v. Thompson*, 246 W. Va. 581, 587 n.15, 874 S.E.2d 693, 699 n.15 (2022) ("When read in its entirety, the statutory scheme applies specifically and solely to actions between new motor vehicle dealers and distributors or manufacturers. . .").

Accordingly, because Moore and Thornhill are both dealers with no franchise or other agreements between them, we conclude that this statutory scheme does not apply to the allegations raised by Moore against Thornhill. It follows, therefore, that Moore has no standing to bring suit pursuant to this statute against Thornhill and that summary judgment of such claims is appropriate under the law. *See Raines Imps., Inc. v. Am. Honda Motor Co.*, 223 W. Va. 303, 311, 674 S.E.2d 9, 17 (2009). Consequently, we find no merit in Moore's first, second, third, or fifth assignments of error, as they are all predicated upon alleged violations of this statutory scheme.

Turning to Moore's tortious interference claim raised in its fourth assignment of error, we note that Moore pled in its complaint that it had a valid "dealership agreement" with Fiat Chrysler and that Thornhill intentionally interfered with that contractual relationship, harming Moore. Our Supreme Court has held that:

> To establish prima facie proof of tortious interference, a plaintiff must show:
> (1) existence of a contractual or business relationship or expectancy;
> (2) an intentional act of interference by a party outside that relationship or expectancy;
> (3) proof that the interference caused the harm sustained; and
> (4) damages.

Syl. Pt. 2, in part, *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314 S.E.2d 166 (1983). Because Moore raised allegations sufficient to make a prima facie case independent of the grounds raised by West Virginia Code §§ 17A-6A-1 to -18, it was premature for the circuit court to dismiss this cause of action, and summary judgment was not warranted under the statutory analysis that applied to the remaining claims. Therefore, we reverse the grant of summary judgment solely as to the independent claim of tortious interference.

Accordingly, we reverse the circuit court's August 30, 2023, order to the extent it granted summary judgment against Count III of Moore's complaint, alleging tortious interference, and affirm the circuit court's order granting summary judgment as to the remainder of the claims for relief set forth in Moore's complaint against Thornhill.

Affirmed, in part, and Reversed, in part.

5

**ISSUED:** October 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear